The great objections in this case were, that lands will not pass by letters of attorney; or if they do pass, the deed is not well executed according to the act of Assembly.
That the first objection is a mistake, and contrary to law, see 1 Leon. 184. 1 Roll. Abr. 328. to deliver a lease.Brownl. 93. 1 Salk. 96. Parker v. Kett. 2 Roll. Abr. 8. 9 Co. 76. a. Combe’s case, full and strong to the point.
As to the second. Our act of Assembly (1715, ch. 47.) is not destructive of the common law, but is only introductive of a new method of law; for the common law cannot be done away or altered but by positive and negative Words.
There is a recording at the common law, pro salva custoclice, (not under the statute of enrolments,) 1 Salk. 389. Taylor v. Jones. And where a deed was enrolled without the examination of the party, upon proof by a witness that the party delivered it, Godb. 270. Where the party died before the acknowledgment, the deed notwithstanding was enrolled. 3 Leon. 84. And it is the practice, if a man lives in New-England, and would pass lands in England, to join a mere nominal party in the deed, with him who acknowledges it, and it binds. 1 Salk. 389. Cro. Eliz. 717. jDyer, 220. 2 Inst. 674.
It is said, that, under the act of Assembly, the acknowledgment is a personal act. It is by no means so. The *177 very law itself is contrary to that idea, inasmuch as it gives a power to an attorney to acknowledge a deed. However, every act a man can do himself, he may in law do it by another or by his attoniey, except taking an oath, doing fealty, or paying homage. §>ui facit per alterum facit per se. 9 Co. 76. Combés case.
Then it was objected, that the power was not well pursued. For the execution of powers, see 1 Salk. 280. 389. 96. Moore, 70. Comb. 248. 2 Fern. 471. 474. Godb. 270. 1 Leon. 84. 9 Co. 75. Combés case, as to pursuing the authority, and when it is well pursued. A power may be well executed, though there be no recital of the power in the deed made for the execution thereof. 1 Lev. 150, 151. 2 Lilly, 341. And if a deed will not pass lands unless by virtue of the power of attorney, it shall pass by virtue of the power, ut res magis valeat qitam pereat. 6 Co. 18. Sir Edw. Cleere's case. 1 Salk. 95, 96. The deputy’s power ceases in the presence of the principal. 1 Salk. 95, 96. Parker v. Kelt. 8 Mod. 365. As to the attorney exceeding his authority, see Co. Litt. 52. A deed by attorney is good, though there be no recital of the power, and the principal be not named as a party. 1 Lev. 150. Jenkins v. Keynis. Where there was a power to several, and deed executed by one only. 2 Roll. Ahr. 328, 329. 11 Co. 92. 5 Co. 91. Hoe's case. Where a power decreed, well executed, though not strictly pursued. Chan-Rep. 263, 264, 265. Where a deed is executed in tire name of the person empowering, how such deed should be executed. 9 Co. 76. a. 3 Lev. 138, 139. 2 Ray. 425. 1 Ray. 659. 11 Rep. 87. 3 Horseman's Conv. 7. 2 Lilly, 425. The power must be executed strictly. 6 Rep. 33. a. Powers must be construed according to the intent of parties. 5 Mod. 378. Winter v. Doveday. If the substance be performed, the circumstances need not be regarded, for ciixumstances are only annexed to powers to prevent fraud. Luc. 466, 467, 468. 2 Chan. Rep. 29. They are good, though improperly executed, forjudges are said *178 to be astuti to do right. Forms need not be expressed. Luc. 72. Mob. 312. That a deed by attorney is supported, though not formally executed, and though executed in the attorney’s own name, besides the authorities supra, 1 Ray. 659, 660. Parker v. Kett. Feoffment by an attorney is good. So an attorney may take or give a feoffment or livery, 2 Roll. Abr. 8. Where an authority is given by one ■deed to many, they must all join in the execution of the power. Contra, where an authority is given by will. 1 Leon. 60. ca. 78. Executors may sell, and in their own name. 1 Roll. Abr. 330. tit. Authority. 9 Co. 77. a. Combe's ■case. 1 Dam. 669. They may sell by statute. 21 H. VIII. c. 4. 1 Inst. 113. a. 236. a.
The plaintiff sets up two titles; the one under a purchase which they give up, the other under an escheat, under Anne Wriothesly, wife and devisee of the patentee, who it is said died intestate, without heirs; or any disposal, endeavouring to make the sale by Roger Mathews, her attorney, void. If that is not good, the land is escheat. But that deed is good, both in law and in equity, and being so, destroys the plaintiff’s title. The deed was by the Provincial Court adjudged to be good, and the plaintiff appealed. - Lands passing by power of attorney, see Mod. 28. Gould, 92. Bract. 13.
At February Term, 1753, E. Dorsey and D. Dulany, junior, being counsel for the appellant, and A. Bordley for the appellee, the Court of Appeals affirmed the judgment of the Provincial Court.
*179 APRIL TERM, 1750.
RULED, That the following clause be inserted in all warrants of resurvey after the words, “ without any inter- “ ruption of him the said defendant,” to wit 2
“ Or if absent, notice to be left at his place of residence, “ 6r last place of abode.”